UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| REBECCA DAWN FLEENOR, | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:21-CV-158-KAC-CRW |
| BETHANY O'DONNELL, | ) |
| Defendant. | ) |

## ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

On October 18, 2021, Plaintiff filed a Complaint in the instant action [Doc. 1], asserting a state law claim under Tenn. Code Ann. § 20-5-107(e)(1) to "substitute[]" her as a plaintiff in another pending wrongful death and personal injury case before this Court (*O'Donnell v. Sullivan County, Tennessee*, et al., 2:20-cv-151 (E.D. Tenn.)) [*Id.* at 1]. The Complaint in the instant action alleges that Plaintiff and Defendant are both "citizen[s] and resident[s]" of Tennessee [*Id.* at 1]. Because the Complaint, on its face, did not assert grounds for this Court to exercise subject matter jurisdiction, [*see id.* at 1–2], the Court Ordered Plaintiff to "show cause why this action should not be dismissed for lack of subject matter jurisdiction" [Doc. 20].

Plaintiff responded asserting that "[t]his action . . . is a declaratory judgment action to determine the rights of Bethany O'Donnell vs. Rebecca Dawn Fleenor to serve as Plaintiff" in the other pending action, i.e., *O'Donnell v. Sullivan County, Tennessee*, et al., 2:20-cv-151 (E.D. Tenn.) [Doc. 21 at 1]. Plaintiff argues that *this* action for "declaratory judgment . . . 'arises under' a 42 U.S.C. § 1983 wrongful death action" [Doc. 21 at 2] and, therefore, "this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201(a) and [Federal Rule of Civil Procedure] 57" [*Id.*].

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) ("[C]ourts have a positive duty to undertake the jurisdictional inquiry."). As an initial matter, the Parties are not diverse because they are not "citizens of different states" [Doc. 1 at 1]. *See* 28 U.S.C. § 1332(a). As such, the only other identified basis for subject matter jurisdiction is federal question jurisdiction.

To establish federal question jurisdiction, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Am. Fed'n of Tel. & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Contrary to Plaintiff's assertion, "[t]he Declaratory Judgment Act," 28 U.S.C. § 2201, "does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (explaining that the Declaratory Judgment Act is procedural only)). "The Act only provides courts with discretion to fashion a remedy." *Id.* (citing *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "Thus, before invoking the Act," the Court must already have jurisdiction over the action. *Id.* (citing *King v. Sloane*, 545 F.2d 7, 8 (6th Cir.

2

1976)). Here, Plaintiff has not established a basis for subject matter jurisdiction over *this* action. Plaintiff asserts a state law cause of action, not a claim that arises under the "Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. And the Declaratory Judgment Act is not "an independent basis for federal subject matter jurisdiction." *Heydon*, 327 F.3d at 460 (citations omitted). Further, the fact that this Court has subject matter jurisdiction over a separate, albeit "related," case does not provide a basis for subject matter jurisdiction in *this* separate action. *See Kokkonen*, 511 U.S. at 377.

Whatever options Plaintiff may have to seek relief in state court or in the other "related" federal case, Plaintiff has not established that the Court has subject matter jurisdiction over *this* action. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant in this action **WITH PREJUDICE** for lack of subject matter jurisdiction. An appropriate judgment shall enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge